IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Genuine Truth Banner, ) | Case No.: 6:22-cv-4475-JD-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Terrie Wallace, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 85), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina regarding Respondent Terrie Wallace, Warden's, ("Wallace" or "Respondent") Motion for Summary Judgment (DE 73).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Petitioner Genuine Truth Banner ("Petitioner" or "Banner") is incarcerated at Broad River Secure Facility in the South Carolina Department of Corrections

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("SCDC"). (DE 1 at 1.) In October 2016, Petitioner was indicted by a Spartanburg County Grand Jury for five counts of kidnapping (16-GS-42-5453; 16-GS-42-5454), one count of armed robbery (16-GS-42-5452), one count of possession of a weapon during the commission of a violent crime (16-GS-42-5452), one count of armed robbery (16-GS-42-5451), and one count of bank robbery (16-GS-42-5451) (DE 18-3 at 26-33).

On January 22, 2018, the petitioner appeared before the Honorable J. Mark Hayes II ("Trial Court") for a suppression hearing (DE 18-1 at 3-82). William Nowicki ("Mr. Nowicki" or "Trial Counsel") represented Petitioner, and Barry Barnette ("Mr. Barnette") represented the State (*id.* at 3). Petitioner argued that certain items found in his vehicle and home should be suppressed because law enforcement violated his Fourth Amendment rights by illegally searching his vehicle to acquire sufficient probable cause to obtain a search warrant of his house (*id.* at 69-74). After the hearing, the Trial Court denied Petitioner's motion to suppress (*id.* at 81-82). Petitioner then entered a guilty plea under *Alford* (*id.* at 87-106). On January 23, 2018, the Trial Court sentenced Petitioner to twenty years for all offenses to be served concurrently. (DE 18-2 at 7-8).

On January 25, 2018, Petitioner, represented by Mr. Nowicki, moved to reconsider his sentence (DE 18-2 at 19-20). Mr. Barnette then filed a return and his own motion to reconsider, arguing that more time should be added to Petitioner's sentence (*id.* at 21-23). Petitioner then withdrew his motion to reconsider. (DE 18 at 2; 18-5 at 1.)

On April 25, 2018, the South Carolina Court of Appeals dismissed Petitioner's direct appeal because it was untimely. (DE 18-5 at 1-2.) On April 10, 2018, Petitioner moved for post-conviction relief ("First PCR Action"), which was amended on September 23, 2018, alleging (1) ineffective assistance of counsel; and (2) due process violations because Petitioner alleges he was not advised that the guilty plea would waive his right to appellate review of the court's dismissal of his pretrial motion to suppress. (DE 18-2.) On May 7, 2020, the First PCR court dismissed Petitioner's First PCR application with prejudice, finding that Petitioner established no constitutional violations or deprivations that would require the court to grant his application. (DE 18-3 at 5-25.) Thereafter, Petitioner filed a second action for post-conviction relief ("Second PCR Action"), which the Second PCR Court dismissed as successive and untimely. (DE 18-20 at 1-7.)

Petitioner filed a notice of appeal to the South Carolina Supreme Court and a writ of certiorari, both of which were denied. Petitioner also appealed the denial of his Second PCR Action, which was also dismissed. (DE 18-22 at 1.) Petitioner filed this Section 2254 action, which he later amended, alleging the following:

**GROUND ONE:** 4th amendment violation

**SUPPORTING FACTS:** Evidence and testimony during a pretrial motion to suppress clearly establishes how officers came to a private property without a warrant and searched for evidence of a crime. They later got a search warrant to search the property and vehicles on the property using the evidence and information (including a VIN from a car) from the prior, warrantless search.

**GROUND TWO:** 14th amendment, due process violation by the trial judge

3

**SUPPORTING FACTS:** (A) During a pre-trial motion to suppress, the trial court openly admitted and agreed with the solicitor that petitioner's 4th amendment right to privacy "WAS VIOLATED" but he dismissed the motion, claiming the violation was "minimal." (B) The trial court accepted an "As Indicted" ALFORD plea containing no admission of guilt where the case history/court docket, public index and an F.B.I. NCIC report all show that NO INDICTMENTS EVER EXISTED though the plea was "As Indicted" and presentment of the indictments was NOT waived.

**GROUND THREE:** 6th amendment violation - (IAC) In[]effective Assistance of Counsel

**SUPPORTING FACTS:** Trial counsel failed to realize [the] state's lack of indictments, failed to file an appeal or even discuss and consult with petitioner about appealing the ruling of the pre-trial motion suppress and advised an "As Indicted" plea where the court docket/case history, public index and F.B.I. NCIC report all show no indictments existed though petitioner did not waive presentment of indictments to himself or the grand jury. Trial counsel failed to acquire or demand a blood/DNA test where [the] state claimed petitioner's blood type was found on evidence of crime.

**GROUND FOUR:** 14th amendment, due process violation – via Prosecutorial Misconduct and Brady Violations

**SUPPORTING FACTS:** During pre-trial motions, plea negotiations and sentencing, the Solicitor Barry Joe Barnette repeatedly claimed that valid, "true-billed" indictments existed and were filed in the case against petitioner. After the plea, when petitioner requested copies of the indictments and court docket/case history, petitioner was told NO INDICTMENTS EXISTED in the state's case against him and the Clerk of Court refused to send copies of the case history. After years of continued requests, the case history was produced and it was discovered and confirmed that no indictments existed in the case history/court docket, F.B.I. NCIC report or the public index.

(DE 59.) On May 1, 2024, Respondent moved for summary judgment (DE 73), and a return and memorandum (DE 72). On the same date, under *Roseboro*, 528 F.2d 309, Petitioner was again advised of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to respond adequately

to Respondent's motion (DE 74). Petitioner filed a response on May 20, 2024. (DE 83). Accordingly, this matter is now ripe for review.

### B. Report and Recommendation

On July 25, 2024, the Magistrate Judge issued the Report recommending that Respondent's motion for summary judgment (DE 73) be granted. (DE 85.) The Report recommends finding that Petitioner's claims are procedurally defaulted as to these claims:[2]

(1) trial counsel's ineffective assistance of counsel for failing to file an appeal and acquire or demand a blood/DNA test when the state claimed that Petitioner's blood was found on evidence of the crime (DE 59 at 9);

(2) that Petitioner's trial counsel was ineffective for failing to realize that no indictments existed at the time he pled guilty (*id.*);

(3) that the trial court and Petitioner's trial counsel violated his due process rights by accepting his guilty plea when there were no indictments; and

(4) that the trial court violated his due process rights by admitting on the record that the petitioner's Fourth Amendment rights were violated but declining to suppress the evidence (DE 59 at 8).

The Magistrate Judge notes that the Second PCR Court found Petitioner's claims were successive and untimely and, therefore, procedurally barred on an

---

[2] "[A] claim is procedurally barred if the petitioner fail[s] to raise [it] in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision." *Mahdi v. Stirling*, 20 F.4th 846, 893 (4th Cir. 2021) (citation and internal quotation marks omitted). *See also Horner v. Nines*, 995 F.3d 185, 208 (4th Cir. 2021) (finding, when a petitioner failed to appeal one of his PCR claims to the PCR appellate court, that the petitioner failed to present this claim "to the state appellate court face-up and squarely" and had "procedurally defaulted federal habeas review of the claim.") (internal quotation marks omitted); *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (finding that a petitioner's claim in his habeas petition was procedurally defaulted when he raised the claim in PCR but did not present it in his petition for certiorari filed with the South Carolina Supreme Court); *Gilbert v. Moore*, 134 F.3d 642, 658-58 (4th Cir. 1998) (finding that a petitioner's claim was procedurally defaulted when he did not raise it in his direct appeal or PCR appeal).

5

independent and adequate state law ground. The Report also states that the Petitioner "has failed to articulate any cause and prejudice or a fundamental miscarriage of justice to excuse such default (*see* [DE] 37; 83)." Petitioner also claims that he should not be held responsible for his PCR appellate counsel's ineffective work (DE 37 at 1; 83 at 3) and that his motions to relieve his PCR appellate counsel and proceed *pro se* were denied (DE 83 at 3). But, the Report says,

> [t]he petitioner may not rely on the *Martinez* exception to *Coleman* to excuse his default based on his PCR appellate counsel's ineffective assistance for failing to raise these grounds, as 'ineffective assistance of appellate postconviction counsel . . . do[es] not constitute cause for [a petitioner's] failure to exhaust under the limited exception in Martinez.'

(DE 85 at 19) (internal citations omitted); s*ee Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (carving out a narrow exception that modified the unqualified statement that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default).

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the

6

absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Petitioner's Objection

Banner objects[3] to the Report's findings on procedural default and his claims for ineffective assistance of counsel. To begin with, as said in the Report,

> [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.

(DE 85 at 14) (internal quotations and citations omitted). With this standard in mind, as to a procedural default, Petitioner first objects to the Report recommending dismissal of claims, other than Petitioner's claim that his Trial Counsel demanded a blood/DNA test, because Respondent did not independently raise procedural default as a defense on these grounds. However, the Report adequately addresses this point, saying, "courts retain discretion 'to decide a petitioner's claim on the basis of

---

[3]     Wallace's initial objection to the facts in the Report are not "at the heart of the parties' dispute," and therefore, these objections are overruled without further discussion. *Diamond*, 416 F.3d at 315 (2005) (citation omitted). In addition, many of Petitioner's objections cross-reference each other. For example, his 14th Amendment due process challenge and ineffective assistance of counsel claims stem from Petitioner's argument that there were no valid indictments. The Court declines to address every argument in turn. However, the Court incorporates each of its bases in overruling an objection to the extent it applies to more than one of Petitioner's arguments.

procedural default despite the failure of the state to properly preserve the procedural default." *Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir.1999). Petitioner does not cite authority to the contrary. Therefore, the Court overrules this objection.

As to Banner's ineffective assistance of counsel claims, he contends a blood/DNA test would impact his "actual innocence" defense "that dismissal of this claim for procedural default would be a fundamental miscarriage of justice." (DE 87, p. 5.) Petitioner also contends that his Trial Counsel failed to discuss and consult with him on the case. Petitioner offers the testimony of Trial Counsel that "he couldn't quite understand the trial court's ruling of the pre-trial motion to suppress[,]" to support his argument. (*Id.*) Petitioner also argues that his "state appointed PCR appellate counsel and the state itself PREVENTED [P]etitioner from raising this claim himself on PCR appeal" when his motions to relieve PCR counsel were denied. (*Id.*) (emphasis in original.) Here, the Report adequately addressed these arguments and stated:

> [P]etitioner may not rely on the *Martinez* exception to *Coleman* to excuse his default based on his PCR appellate counsel's ineffective assistance for failing to raise these grounds, as "ineffective assistance of appellate postconviction counsel . . . do[es] not constitute cause for [a petitioner's] failure to exhaust under the limited exception in *Martinez*." *Mahdi*, 20 F.4th at 898 (citation and internal quotation marks omitted).

(DE 85 at 19.) Accordingly, the Court overrules Petitioner's objections.

Lastly, Petitioner objects to the Report's recommendation of procedural default as to his claims of 14th Amendment Due Process violations related to prosecutorial misconduct. Petitioner also asserts *Brady* violations arising out of the Second PCR Action's dismissal as successive and untimely, as well as his 4th Amendment violation

8

claim over which the Trial Court denied his motion to suppress. (*Id.* at 7-10.) As to the 14th Amendment claims, Petitioner's objections are tied to his claim of invalid indictments. However, the Second PCR Court explicitly noted that Petitioner's claim that the indictments were fabricated lacked merit because this evidence could have been discovered before his guilty plea, and arguments concerning that evidence were waived when Petitioner pleaded guilty (DE 18-20 at 5).

As to the suppression argument, the Report aptly found that Petitioner raised this issue in his direct appeal, which he filed about two months after his guilty plea and sentencing (DE 18-4). However, the South Carolina Court of Appeals dismissed Petitioner's appeal as untimely under South Carolina Appellate Court Rule 203(b)(2) (DE 18-5). *See* S.C. App. Ct. R. 203(b)(2) (notice of appeal must be served within ten days after sentence imposed after a plea or trial resulting in conviction). Nor did Petitioner raise this claim in his PCR appeals (DE 18-7; 18-21). Accordingly, these claims are procedurally defaulted, and Petitioner's objections are overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 85) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 73) is granted, and the Petition is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 7, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.